Robert C. Griffin
CROWLEY, HAUGHEY, HANSON,
  TOOLE & DIETRICH P.L.L.P.
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT  59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 256-0277
E-Mail:  rgriffin@crowley.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| PINNACLE ENTERTAINMENT, INC., a<br>Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RENY ROMA, an individual, d/b/a<br>BOOMTOWN CASINO, a sole<br>proprietorship and registered Montana<br>assumed business name,<br><br>                    Defendants. | Cause No.  CV-06-28-BLG-RFC<br><br><br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

Plaintiff Pinnacle Entertainment, Inc. ("Pinnacle"), by and through its undersigned

attorneys of record, Richard C. Griffin and the law firm of Crowley, Haughey, Hanson, Toole &

Dietrich, P.L.L.P., for its claims against Defendant Reny Roma d/b/a Boomtown Casino

(collectively, "Defendant Roma"), hereby alleges and complains as follows:

## I. SUMMARY OF THE COMPLAINT

1.       This is an action for mark infringement, false designation of origin or sponsorship and mark dilution under the Lanham Act (15 U.S.C. § 1051 *et. seq.*), injury to business reputation and mark dilution pursuant to MCA § 30-13-334, and common law unfair competition and deceptive trade practices, misappropriation of commercial properties and unjust enrichment, arising from Defendant Roma's unauthorized use of the confusingly similar mark BOOMTOWN (the "Infringing Mark").

2.       As a result of Defendant Roma's willful, unlawful and unauthorized use of the Infringing Mark, including, but not limited to, in association with and through the business Boomtown Casino located at 2244 Grand Avenue, Billings, Montana, Defendant Roma has infringed, and continues to infringe, Pinnacle's protected and incontestable federally registered mark BOOMTOWN® (the "Pinnacle Boomtown Mark").  Pinnacle therefore seeks, by way of this Complaint:  injunctive relief; the recovery of actual, statutory and treble damages; the recovery of Defendant Roma's profits derived from use of the Infringing Mark; the recovery of actual, punitive and exemplary damages; the recovery of Pinnacle's costs and attorney fees; and such other relief as more fully set forth herein.

## II. THE PARTIES

3.       Pinnacle is a Delaware corporation with a principal place of business at 3800 Howard Hughes Parkway, Las Vegas, Nevada.

4.       Upon information and belief, Defendant Reny Roma is a resident of the state of Montana.  Defendant Roma is the registered owner of the business entity registered under the assumed business name of Boomtown Casino (the "Infringing Business Entity").  The Infringing Business Entity has a principal place of business at 2244 Grand Avenue, Billings, Montana.

### III. JURISDICTION

5.      Jurisdiction in this Court over the First, Second and Third Claims for Relief is proper pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338, as the First and Second Claims for Relief arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051-1127.

6.      Jurisdiction in this Court over the Fourth, Fifth, Sixth and Seventh Claims for Relief is proper pursuant to supplemental jurisdiction under 28 U.S.C. § 1367(a), because the Fourth, Fifth, Sixth and Seventh Claims for Relief arise under Montana law and are based upon a common nucleus of operative facts with the First, Second and Third Claims for Relief, such that Pinnacle would ordinarily be expected to try them all in a single judicial proceeding.

7.      Defendant Roma's activities as set forth herein have resulted in the injuries to Pinnacle as alleged herein.

### IV. VENUE

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), as Defendant Roma is a resident of the state of Montana, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the state of Montana.

### V. STATEMENT OF FACTS

9.      Pinnacle is a diversified hotel, entertainment and gaming company that presently owns and operates hotels and casinos (the "Pinnacle Hotels and Casinos") in Nevada, Mississippi, Missouri, Louisiana, Indiana and Argentina.

10.      Pinnacle owns the Pinnacle Boomtown Mark, and has the right to preclude others from using the Pinnacle Boomtown Mark or marks which are confusingly similar thereto.

11.     Boomtown, Inc., a Delaware corporation, was the initial owner of all rights, title, interest and goodwill in and to the Pinnacle Boomtown Mark. Boomtown, Inc. converted to Boomtown, LLC effective November 4, 2003, with a Certificate of Conversion filed with the State of Delaware Secretary of State on or about November 4, 2003.

12.     Boomtown, LLC assigned all of its rights, title, interest and goodwill in and to the Pinnacle Boomtown Mark to Pinnacle by way of a written assignment executed on or about July 26, 2004, and made effective on March 1, 2004 (the "Pinnacle Boomtown Assignment"). Pinnacle recorded the Pinnacle Boomtown Assignment with the United States Patent and Trademark Office (the "USPTO") on or about August 6, 2004.

13.     The Pinnacle Boomtown Mark was registered by the USPTO on or about December 13, 1994, with a first use date and first use in commerce date for certain goods and services in or about October 1970. A true and accurate copy of the Trademark Electronic Search System results for the Pinnacle Boomtown Mark is attached hereto and hereby incorporated by this reference as **Exhibit A**.

14.     Subsequently, Pinnacle, including but not limited to by and through Boomtown, Inc. and/or Boomtown, LLC, filed all requisite extensions and renewals for the Pinnacle Boomtown Mark.

15.     Pinnacle owns and operates hotels and casinos—including goods and services in relation thereto—in association with the Pinnacle Boomtown Mark located in: Bossier City, Louisiana (Boomtown Casino & Hotel Bossier City); New Orleans, Louisiana (Boomtown Casino New Orleans); and Reno, Nevada (Boomtown Casino & Hotel Reno) (collectively, the "Pinnacle Boomtown Casinos and Hotels"). Additionally, Pinnacle has licensed the Pinnacle

Boomtown Mark to Penn National Gaming, Inc. ("PNG"), for use in association with PNG's hotel and casino located in Biloxi, Mississippi.

16.     Thus, at least as early as October 1970, Pinnacle, including by and through its assignor, first used the Pinnacle Boomtown Mark in commerce in association with various goods and services (as set forth below, the "Pinnacle Goods and Services").

17.     Pinnacle, by and through its assignor, has registered the Pinnacle Boomtown Mark with the USPTO in the following classifications:

a.      playing cards in International Class 016;

b.      mugs and drinking glasses in International Class 021;

c.      T-shirts, hats, jackets and sweatshirts in International Class 025;

d.      gasoline service station services in International Class 037;

e.      transportation services, namely in arranging of excursions for others, in International Class 039;

f.      casino and amusement center services in International Class 041; and

g.      restaurant and bar services, hotel services, and providing for trailer park facilities, in International Class 042.

A true and accurate copy of the Pinnacle Boomtown Mark registration is attached hereto and incorporated herein by this reference as **Exhibit B**.

18.     Pinnacle has provided, and continues to provide, the Pinnacle Goods and Services in association with the Pinnacle Boomtown Mark, including, but not limited to, in association with the Pinnacle Boomtown Casinos and Hotels.

19.     Pinnacle's multistate operations, significant corporate growth and considerable market and commercial successes, extensive marketing and advertising, and multiple channels of trade in which the Pinnacle Boomtown Mark is utilized, have collectively contributed to the

famousness of the Pinnacle Boomtown Mark and to the Pinnacle Boomtown Mark having acquired distinctiveness.

20.     Pinnacle has continuously used the Pinnacle Boomtown Mark in commerce in association with the Pinnacle Goods and Services, and to identify, publicize and market the Pinnacle Boomtown Casinos and Hotels.

21.     Pinnacle's right to use the Pinnacle Boomtown Mark in commerce for the Pinnacle Goods and Services and in association with the Pinnacle Boomtown Casinos and Hotels is incontestable.

22.     Defendant Reny Roma registered the Infringing Business Entity, as an assumed business name, with the Montana Secretary of State on or about December 16, 2004.

23.     On or about April 20, 2005, Defendant Reny Roma received a gambling license, for use in association with the Infringing Business Entity, from the Montana Department of Justice, Gaming Control Division.

24.     On or about April 14, 2005, Defendant Remy Roma received a business license to operate the Infringing Business Entity.  Upon information and belief, Defendant Reny Roma commenced operation of the Infringing Business Entity in or about late April 2005.

25.     Defendant Roma has a first use date and first use in commerce date for the Infringing Mark that is, at a minimum, nearly twenty-five years after Pinnacle, including by and through its assignor, first began using the Pinnacle Boomtown Mark in commerce.

26.     Upon information and belief, Defendant Roma has used and continues to use the Infringing Mark, in association with the Infringing Business Entity, in commerce or in connection with the sale, offering or sale, distribution or advertising of such goods and services,

including, but not limited to, through signage, labels, prints, packages, advertisements, promotions, marketing and promotional materials, and apparel.

27.     Defendant Roma is not affiliated with Pinnacle and is not authorized by Pinnacle to use the Infringing Mark in any manner, including, but not limited to, in association with the Infringing Business Entity, or in advertising and promoting Defendant Roma's goods and services.

28.     Defendant Roma's unauthorized use of the Infringing Mark is likely to deceive the public into believing that Defendant Roma is authorized by Pinnacle to use the Infringing Mark, or that Defendant Roma maintains an affiliation with Pinnacle to use the Infringing Mark, when in fact Defendant Roma is not authorized by Pinnacle or affiliated with Pinnacle for use of the Infringing Mark.

29.     Prior to using the Infringing Mark, Defendant Roma had either actual or constructive notice of Pinnacle's prior use in commerce and legal rights in and to the Pinnacle Boomtown Mark, including, but not limited to, in association with the Pinnacle Goods and Services and in connection with the Pinnacle Boomtown Casinos and Hotels.

30.     Defendant Roma used and uses the Infringing Mark to profit from Pinnacle's goodwill, business reputation and marketing efforts through, in part, Pinnacle's prior use of the Pinnacle Boomtown Mark and the public's recognition of the distinctiveness associated with the Pinnacle Boomtown Mark, the Pinnacle Goods and Services, and the Pinnacle Boomtown Casinos and Hotels.

31.     Defendant Roma's past, present and future infringement and misappropriation of the Pinnacle Boomtown Mark, including, but not limited to, through use of the Infringing Mark, has permitted and will permit Defendant Roma to benefit and profit from Pinnacle's goodwill,

business reputation and marketing efforts associated with the Pinnacle Boomtown Mark, the
Pinnacle Goods and Services, and the Pinnacle Boomtown Casinos and Hotels.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### (Mark Infringement Under The Lanham Act (15 U.S.C. 1114(1))

32.     Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1
through 31 as if fully set forth herein.

33.     By virtue of using the Infringing Mark, Defendant Roma is using in interstate
commerce a copy or colorable imitation of the Pinnacle Boomtown Mark in connection with the
sale of goods or services, which use is likely to cause confusion, or to cause mistake, or to
deceive.  These actions constitute mark infringement in violation of 15 U.S.C. § 1114(1).

34.     By virtue of using the Infringing Mark, Defendant Roma is using in interstate
commerce a reproduction or colorable imitation of the Pinnacle Boomtown Mark.  Defendant
Roma's use of the Infringing Mark in commerce is and was made in connection with the sale,
offering for sale, distribution, and/or advertising of goods or services on or in connection with
which such use is likely to cause confusion, or to cause mistake, and/or to deceive consumers as
to the origin, sponsorship and/or approval by Pinnacle of the Infringing Mark and the goods or
services provided thereunder.

35.     Defendant Roma has committed the actions alleged herein in violation of
15 U.S.C. § 1114(1) with the knowledge that such reproduction or colorable imitation of the
Pinnacle Boomtown Mark is and was intended to be used to cause confusion, to cause mistake,
and/or to confuse consumers.

36.     Unless Defendant Roma's actions are preliminarily and permanently enjoined, Pinnacle is likely to sustain immediate and irreparable injury for which it does not have an adequate remedy at law.

37.     Pinnacle is entitled to recover statutory damages of not less than $500.00 or more than $100,000.00 per counterfeit mark per type of services sold, offered for sale or distributed, as the Court considers just, in association with Defendant Roma's violation of 15 U.S.C. § 1114(1), pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation Of Origin Or Sponsorship (15 U.S.C. § 1125(A))

38.     Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 37 as if fully set forth herein.

39.     By virtue of using the Infringing Mark, Defendant Roma is using in interstate commerce a word, term, name, or a combination thereof, of the Pinnacle Boomtown Mark, in connection with the sale of Defendant Roma's goods or services and operation of the Infringing Business Entity.

40.     By virtue of using the Infringing Mark, Defendant Roma is further using in interstate commerce a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, regarding the Pinnacle Boomtown Mark, in connection with the sale of Defendant Roma's goods or services and operation of the Infringing Business Entity.

41.     Defendant Roma's actions as alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation of Defendant Roma with Pinnacle, or as to the

origin, sponsorship or approval of Defendant Roma's goods and services and operation of the Infringing Business Entity by Pinnacle.

42.     Defendant Roma's actions as alleged herein constitute a false designation of origin or sponsorship in violation of 15 U.S.C. § 1125(a).

43.     The acts of Defendant Roma as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable injury to Pinnacle in an amount that cannot be ascertained, leaving Pinnacle with no adequate remedy at law.

44.     Unless Defendant Roma is preliminarily and permanently enjoined from further acts in violation of 15 U.S.C. § 1125(a), Pinnacle will continue to suffer irreparable harm.

45.     By reason of the foregoing, Pinnacle is entitled to preliminary and permanent injunctive relief against Defendant Roma.

46.     Pinnacle is further entitled to recover Defendant Roma's profits derived from the use of the Infringing Mark and any damages Pinnacle has suffered by reason thereof.

47.     Pinnacle is also entitled to an award of treble damages, attorney's fees and costs as Defendant Roma's actions as alleged herein were willful, egregious and otherwise exceptional, in association with Defendant Roma's violation of 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

## (Dilution Under The Lanham Act (15 U.S.C. § 1125(c))

48.     Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

49.     The Pinnacle Boomtown Mark is a famous mark that has acquired distinctiveness.

50. Defendant Roma's use of the Infringing Mark in commerce, including, but not limited to, in connection with Defendant Roma's goods and services and in association with the Infringing Business Entity, dilutes the quality of the Pinnacle Boomtown Mark and diminishes the capacity of the Pinnacle Boomtown Mark to identify and distinguish the Pinnacle Goods and Services and the Pinnacle Boomtown Casinos and Hotels.

51. Defendant Roma's use of the Infringing Mark, including, but not limited to, in association with Defendant Roma's goods and services and in association with the Infringing Business Entity, occurred well after the Pinnacle Boomtown Mark became famous.

52. Defendant Roma's use of the Infringing Mark in interstate commerce, as alleged herein, constitutes mark dilution in violation of 15 U.S.C. § 1125(c).

53. Defendant Roma's violation of 15 U.S.C. § 1125(c) was and continues to be willful, egregious and otherwise exceptional.

54. As a result of the acts of Defendant Roma as alleged herein, Pinnacle has suffered and will continue to suffer damage to its business, goodwill, reputation and profits, while Defendant Roma profits at Pinnacle's expense.

55. The acts of Defendant Roma as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable injury to Pinnacle in an amount that cannot be ascertained, leaving Pinnacle with no adequate remedy at law.

56. Unless Defendant Roma is preliminarily and permanently enjoined from further acts in violation of 15 U.S.C. § 1125(c), Pinnacle will continue to suffer irreparable harm.

57. By reason of the foregoing, Pinnacle is entitled to preliminary and permanent injunctive relief against Defendant Roma.

58.     Pinnacle is also entitled to recover Defendant Roma's profits derived from the use of the Infringing Mark and any damages Pinnacle has suffered by reason thereof.

59.     Pinnacle is also entitled to an award of treble damages, attorney's fees and costs as Defendant Roma's actions as alleged herein were willful, egregious and otherwise exceptional, in association with Defendant Roma's violation of 15 U.S.C. § 1125(c), pursuant to 15 U.S.C. § 1117(c).

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition And Deceptive Trade Practices)

60.     Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 59 as if fully set forth herein.

61.     Defendant Roma's use of the Infringing Mark, in connection with goods and services used in association with the Infringing Business Entity, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such goods and services of Defendant Roma with Pinnacle, or as to the origin, sponsorship, or approval of such goods, services or commercial activities of Defendant Roma by Pinnacle.

62.     Defendant Roma's actions as alleged herein constitute unlawful acts of unfair competition and deceptive trade practices, in violation of the common law of the state of Montana.

63.     As a result of the acts of Defendant Roma as alleged herein, Pinnacle has suffered and will continue to suffer damage to its business, goodwill, reputation and profits, while Defendant Roma profits at Pinnacle's expense.

64.     Defendant Roma's actions as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable injury to Pinnacle in an amount that cannot be ascertained, leaving Pinnacle with no adequate remedy at law.

65.     Unless Defendant Roma is preliminarily and permanently enjoined by this Court from further use of the Infringing Mark, Pinnacle and the public will continue to suffer irreparable harm.

66.     By reason of the foregoing, Pinnacle is entitled to preliminary and permanent injunctive relief against Defendant Roma.

67.     By reason of Defendant Roma's unlawful acts of unfair competition and deceptive trade practices, Pinnacle has suffered and will continue to suffer actual loss and damage to its business reputation and goodwill.  Pinnacle is therefore entitled to compensatory damages.

## FIFTH CLAIM FOR RELIEF

### (Injury To Business Reputation – Mark Dilution Pursuant To MCA § 30-13-334)

68.     Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 67 as if fully set forth herein.

69.     Pinnacle has invested and continues to invest significant resources to market and obtain goodwill in the Pinnacle Boomtown Mark.

70.     The Pinnacle Boomtown Mark is famous in Montana and throughout the United States.

71.     Pinnacle owns the incontestable federally registered Pinnacle Boomtown Mark.

72.     Defendant Roma's unlawful and unauthorized commercial use of the Infringing Mark has diluted and continues to dilute the distinctive quality of the Pinnacle Boomtown Mark, in violation of MCA § 30-13-334.

73.     Defendant Roma's unlawful and unauthorized commercial use of the Infringing Mark occurred well after Pinnacle commenced its use, including but not limited to by and through its assignor, of the Pinnacle Boomtown Mark.

74.     Defendant Roma's actions as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable injury to Pinnacle in an amount that cannot be ascertained, leaving Pinnacle with no adequate remedy at law.

75.     By reason of the foregoing, Pinnacle is entitled to preliminary and permanent injunctive relief against Defendant Roma.

76.     Defendant Roma's unlawful and unauthorized commercial use of the Infringing Mark was made willfully and with intent to trade on Pinnacle's reputation, or to cause dilution of Pinnacle's famous Pinnacle Boomtown Mark, thereby entitling Pinnacle to all profits derived from and all damages suffered as a result of Defendant Roma's wrongful actions as alleged herein, pursuant to MCA §§ 30-13-334 and 30-13-335.

77.     By reason of Defendant Roma's willful and wrongful actions as alleged herein, Pinnacle is entitled to further receive three times lost profits and damages, as well as reasonable attorney's fees incurred in prosecuting this action, pursuant to MCA § 30-13-335.

### SIXTH CLAIM FOR RELIEF

### (Misappropriation Of Commercial Properties)

78.     Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 77 as if fully set forth herein.

79.    Pinnacle has invested and continues to invest significant resources to market and obtain goodwill in the Pinnacle Boomtown Mark.

80.    Pinnacle owns the Pinnacle Boomtown Mark and is entitled to license the use of the Pinnacle Boomtown Mark to others in return for value.

81.    The Infringing Mark is a commercial property that may be licensed for value.

82.    Defendant Roma does not have the legal right, authority or license to use the Infringing Mark.

83.    Defendant Roma's wrongful use of the Infringing Mark, without authority from Pinnacle, deprived and continues to deprive Pinnacle of the commercial value of the Infringing Mark.

84.    Pinnacle is entitled to recover the misappropriated Infringing Mark.

85.    Defendant Roma's acts as alleged herein, and the ongoing direct results of those acts, which cannot be ascertained, leave Pinnacle with no adequate remedy at law.

86.    Unless Defendant Roma is preliminarily and permanently enjoined, Pinnacle will continue to suffer irreparable harm.

87.    By reason of the foregoing, Pinnacle is entitled to preliminary and permanent injunctive relief against Defendant Roma.

88.    Defendant Roma's actions constitute conduct of an intentional, willful and wanton nature, thereby entitling Pinnacle to an award of punitive damages.

### SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

89.    Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 88 as if fully set forth herein.

90.    Pinnacle owns the Pinnacle Boomtown Mark and has legal right to the Infringing Mark.

91.    Defendant Roma has no authority from Pinnacle to use the Infringing Mark.

92.    Defendant Roma's use of the Infringing Mark was and continues to be in furtherance of Defendant Roma's own economic gain in that it directs consumers and the public to purchase Defendant Roma's goods and services in association with the Infringing Business Entity, in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such goods and services of Defendant Roma with Pinnacle, or as to the origin, sponsorship, or approval of such goods, services or commercial activities of Defendant Roma by Pinnacle.

93.    Defendant Roma has accepted and retained all of the benefits of the unauthorized use of the Infringing Mark.

94.    As a result of Defendant Roma's wrongful misconduct and fault as alleged herein, Pinnacle is entitled to recover the amount by which Defendant Roma has been unjustly enriched through Defendant Roma's unauthorized use of the Infringing Mark.

## PRAYER FOR RELIEF

WHEREFORE, Pinnacle further prays for entry of judgment and relief against Defendant Roma as follows:

1.    That Defendant Roma, and each of her or its agents, servants, employees, attorneys, partners, and all persons acting for, with, by, through or under her or it, shall be preliminarily and thereafter permanently enjoined and restrained from:

a.    directly or indirectly infringing the Pinnacle Boomtown Mark by:

marketing, offering, selling, disposing of, licensing, leasing, transferring,

displaying, advertising, reproducing, exhibiting, exploiting; or causing the marketing, offering, selling, disposing, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting, developing; or manufacturing, or linking of any goods or services derived from or bearing the Pinnacle Boomtown Mark or the Infringing Mark; or to order, direct, participate or assist in any such activity; and

b.      using in any manner the Pinnacle Boomtown Mark and any term or terms likely to cause confusion therewith, including, without limitation, in connection with the Infringing Mark and any and all variants thereof in the possession or control of Defendant Roma, in connection with the advertising or promotion of Defendant Roma's goods or services, or ordering, directing, participating or assisting in any such use, including, but not limited to, in association with the Infringing Business Entity;

2.      That Defendant Roma be directed to cease and desist from, and to immediately discontinue any, use of the Infringing Mark, including, but not limited to, in association with the Infringing Business Entity;

3.      That Defendant Roma be directed to preserve, retain and deliver to Pinnacle's counsel, in hard copies or electronic copies, all evidence and documentation relating in any way to Defendant Roma's use of the Infringing Mark, in any form, including, without limitation, all evidence and documentation relating to Defendant Roma's websites or any other websites or services where such names or marks have been used, all such evidence and documentation relating to the names and addresses (electronic mail or otherwise) of any person with whom Defendant Roma has communicated regarding Defendant Roma's use of the Infringing Mark,

and all financial evidence and documentation relating to Defendant Roma's goods, services, products, or advertising, which appear or are offered in association with the Infringing Mark;

4.      That Defendant Roma be directed to file with this Court, and to serve upon Pinnacle's counsel, within thirty (30) days after entry of the injunctive relief against Defendant Roma, a report in writing under oath setting forth in detail the manner and form in which Defendant Roma complied with said injunctive relief, pursuant to 15 U.S.C. § 1116(a);

5.      That Defendant Roma be enjoined from engaging in any of the unlawful and/or wrongful acts as alleged herein, including, without limitation, mark infringement, false designation of origin or sponsorship, and mark dilution in violation of the Lanham Act, 15 U.S.C § 1051, *et seq.*, business reputation and mark dilution in violation of MCA § 30-13-334, or unfair competition and deceptive trade practices, misappropriation of commercial properties and unjust enrichment, pursuant to Montana common law;

6.      That Defendant Roma be ordered to provide an accounting of Defendant Roma's profits derived through any of the acts as alleged herein, including, without limitation, mark infringement, false designation of origin or sponsorship, and mark dilution in violation of the Lanham Act, 15 U.S.C § 1051, *et seq.*, business reputation and mark dilution in violation of MCA § 30-13-334, or unfair competition and deceptive trade practices, misappropriation of commercial properties and unjust enrichment, pursuant to Montana common law;

7.      That Pinnacle recover Defendant Roma's profits derived from the use of the Infringing Mark resultant from Defendant Roma's wrongful acts complained of herein;

8.      That Pinnacle be awarded actual and compensatory damages for Defendant Roma's wrongful act complained of herein;

9.    That Pinnacle be awarded three times Defendant Roma's profits and three times Pinnacle's damages suffered by reason of Defendant Roma's willful and wrongful acts as complained of herein, pursuant to 15 U.S.C. §§ 1117(a) and 1117(b), and MCA § 30-13-334 and 30-13-335;

10.   That Pinnacle be awarded statutory damages of not less than $500.00 or more than $100,000.00 per counterfeit mark per type of services sold, offered for sale or distributed, as the Court considers just, in association with Defendant Roma's violation of 15 U.S.C. § 1114(1), pursuant to 15 U.S.C. § 1117(c);

11.   That Pinnacle be awarded punitive and exemplary damages under Montana state law for Defendant Roma's willful, intentional and wanton acts as alleged herein;

12.   That Pinnacle be awarded its reasonable attorneys' fees and costs incurred in prosecuting this action based on Defendant Roma's willful, wrongful and exceptional acts as alleged herein, pursuant to 15 U.S.C. §§ 1117(a) and (b), and MCA § 13-30-335; and

13.   That Pinnacle be awarded such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Pinnacle hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and LR 38.1.

Dated this 24th day of February, 2006.

> CROWLEY, HAUGHEY, HANSON,
> TOOLE & DIETRICH P.L.L.P.
>
>
> /s/ Robert C. Griffin
>     Robert C. Griffin
>     P. O. Box 2529
>     Billings, MT  59103-2529
>     Attorneys for Plaintiff